IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GREGORY HANCOCK**                                                                           **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 2:15-cv-45-KS-MTP**

**SHERIFF ALEX HODGE and**
**CAPTAIN DAVID HARE**                                                      **DEFENDANTS**

### REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment [15] and Motion for Temporary Restraining Order or Preliminary Injunction [16]. Having considered the Motions [15] [16], record, and applicable law, the undersigned recommends that the Motions [15] [16] be DENIED.

**Motion for Default Judgment [15]**

On May 27, 2015, the Clerk of Court sent Defendant Alex Hodge a Notice of Lawsuit and Request to Waive Service of a Summons [8]. The Notice [8] offered Defendant Hodge an opportunity to waive formal service of process by signing and returning a waiver by June 26, 2015. Defendant Hodge did not return a waiver by June 26, 2015. Thus, on July 13, 2015, the Court directed that summons be issued for Defendant Hodge. The next day, however, Defendant Hodge filed a Waiver of Service [14]. The record reflects that Defendant Hodge's responsive pleading is due on or before July 27, 2015. The record clearly demonstrates that Defendant Hodge is not in default.[1] Therefore, Plaintiff's Motion for Default Judgment [15] should be

---

[1] Plaintiff should familiarize himself with the Federal Rules of Civil Procedure and Local Uniform Civil Rules in order to avoid future meritless pleadings. The Court recognizes that Plaintiff is a *pro se* litigant, but he is charged with knowing and abiding by the rules of this Court. *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006); *Birl v.*

denied.

**Motion for Temporary Restraining Order or Preliminary Injunction [16]**

In his Motion [16], Plaintiff asserts that Defendant David Hare and "Administration" at the Jones County Jail are opening his mail from the Court outside of his presence.  Plaintiff seeks an order from the Court requiring Defendant to stop opening Plaintiff's mail from the Court.

To obtain a temporary restraining order or preliminary injunction, Plaintiff must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985).  Accordingly, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Id.*; *Women's Med. Ctr. Of NW Houston v. Bell*, 248 F.3d 411, 419 (5th 2001).  These requirements are not balanced.  Instead, each one must be met before the Court can provide relief.  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

A prison official's intentional tampering of legal mail may constitute a cognizable claim under 28 U.S.C. § 1983 where the intentional tampering damaged the prisoner's legal position. *Henthorn v. Swinson*, 955 F.2d 351 (5th Cir. 1992).  Prison officials, however, have a legitimate security interest in opening and inspecting incoming mail for contraband. *Thornburgh v. Abbott*, 490 U.S. 401 (1989).  Plaintiff has alleged only that his legal mail has been opened, and not that

---

*Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

it has been censored in any way.

Plaintiff is able to communicate with the Court and has not shown that his legal position has been affected or compromised in this matter in any way. Plaintiff has not demonstrated that his is an exceptional case warranting injunctive relief. Plaintiff has not "clearly carried the burden of persuasion" on all four requirements for injunctive relief. *See Mississippi Power & Light Co.*, 760 F.2d at 621.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that Plaintiff's Motion for Default Judgment [15] be DENIED and Motion for Temporary Restraining Order or Preliminary Injunction [16] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of July, 2015.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge